UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARRY COUDRIET, WILLIAM HOOPER, JOHN LOGAN, and RICHARD NEWMAN, individually and as class representatives,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION LOCAL 23; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION; and PACIFIC MARITIME ASSOCIATION,<br><br>Defendants. | Case No. C08-5122FDB<br><br>ORDER GRANTING DEFENDANT ILWU'S MOTION TO STRIKE (FRCP 12(F)) & MOTION IN LIMINE AND FOR PROTECTIVE ORDER |

**BACKGROUND**

Plaintiffs are mechanics who work at the Port of Tacoma. Plaintiffs are represented by the International Longshore and Warehouse Union and ILWU Local 23. The ILWU is a signatory to a collective bargaining agreement, and Pacific Maritime Association represents the employers.

The Complaint alleges, among other things, that Defendants have unlawfully failed and refused to promote or "elevate" plaintiffs from their current class "B" Longshore registration status to the higher ranking, class "A" Longshore registration status in violation of the Longshore collective bargaining agreements and supplemental agreements.

ORDER - 1

Defendant ILWU refers to three allegations concerning privileged attorney-client communications involving Defendant ILWU and its "general counsel," which it asserts are inadmissible as protected under the attorney-client privilege, and are highly prejudicial to ILWU. Thus, ILWU brings a motion pursuant to Fed. R. Civ. P. 12(f) to strike, a motion in limine, and for a protective order. ILWU requests that because Paragraphs 19, 23, and 37 refer to privileged attorney-client communications, such references must be stricken.

**APPLICABLE LAW**

Fed. R. Civ. P. 12(f) provides that: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F2d 880, 885 (9th Cir. 1983). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. ... Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994).

"Questions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'" *United States v. Zolin*, 491 U.S. 554, 562 (1989)(quoting Fed. R. Evid. 501). This cause of action arises under federal labor law; thus the question of whether the allegations of paragraphs 19, 23, and 37 are protected by the attorney-client privilege must be decided under federal common law.

"Federal common law recognizes a privilege for communications between client and attorney for the purpose of obtaining legal advice, provided such communications were intended to be confidential." *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001).

ORDER - 2

## ANALYSIS AND CONCLUSION

Three paragraphs in the Complaint reference instructions given by the "General Counsel" of the International Union to the local unions. Paragraph 19 refers to instructions given by the International Union to the local unions through its "general counsel" relative to the manner in which Class B mechanics must be registered as Class A mechanics. Paragraph 23 alleges that "Local 23 and PMA failed and refused to register the Plaintiffs and class members as Class A mechanics as required by ... the orders of the 'General Counsel' of the International Union." Paragraph 37 references the International Union's General Counsel's insistence "that mechanics in the position of the Plaintiffs and class members be registered as Class A mechanics without regard to individual circumstances other than continuous service."

The allegations at issue apparently derive from a letter that Plaintiffs describe as being from ILWU's counsel to a local union. Plaintiffs state that some mechanics at an ILWU Local 23-sponsored meeting possessed the letter, and that one plaintiff found the letter at his workplace. Thus, Plaintiffs argue that there has been a waiver of the privilege. Plaintiffs also argue that the motion to strike is premature, discovery being necessary to determine whether the document is privileged.

Plaintiffs have refused to provide a copy of the letter at issue, and have refused to confirm that the letter is one dated June 16, 2005 from Attorney Robert Remar to Local 46, ILWU and the ILWU Coast Committee within ILWU regarding nearly the same legal and contractual issue that Plaintiffs' Complaint presents (elevation of mechanics to Class A). (A redacted copy (deleting counsel's advice) is attached to the second Remar Declaration.)

The ILWU believes that the June 16, 2005 Remar letter is the letter in the Plaintiffs' possession.

ILWU argues that once a communication is covered by the privilege, it may only be used in litigation if it is determined that the client waived the privilege. Here, ILWU states that it, through its

ORDER - 3

leadership, has not waived the privilege, and in fact is vigorously opposing reference to the privileged communications in the Complaint. *See, e.g., Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation,* 331 F.3d 1041, 1046 (9th Cir. 2003)(a party is not entitled to discover information protected by the attorney-client privilege.); and *see Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 348-49 (1985)(explaining that "power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors.").

Robert S. Remar, counsel for ILWU, states in his declaration that his San Francisco law firm, Leonard Carder, LLP, has been counsel for ILWU since the union's inception in the 1930s. Remar further states that the ILWU has not had a "general Counsel," but instead has for the past 70 years used the Leonard Carder law firm as its primary legal counsel. Additionally, the Leonard Carder law firm has provided legal services to ILWU Local 46 and has served as attorneys of record for Local 46 in litigation as well. Such legal service has been coordinated and approved by the International Coast Committee on behalf of the ILWU.

The confidentiality of a privileged attorney-client communication is not destroyed by the fact that a local union affiliate of ILWU is alleged to have participated in the communication. An attorney is permitted to represent more than one client in the same matter provided there is no conflict or such conflict is waived, and an attorney-client relationship is formed with each client. Cal. R. Prof. Conduct 3-310. Thus, communications among ILWU, an ILWU affiliate union, and "general counsel" remain confidential. Moreover, there is no waiver where a document conveying an otherwise privileged attorney-client communication is inadvertently disclosed. *See, e.g.*, *Clady v. County of Los Angeles*, 770 F.2d 1421, 1433 (9th Cir. 1985)(privilege not waived as to document inadvertently disclosed during discovery).

There is no showing here that ILWU has waived the attorney-client privilege as to the "general counsel's" communications. The aforementioned letter from Robert Remar, on Leonard

ORDER - 4

1  Carder, LLP letterhead, to the President of ILWU Local 46 concerning Class A Elevation of
2  Mechanics, states in its introductory paragraph that "I respond to your letter dated May 26, 2005,
3  requesting clarification concerning the elevation of mechanics." Importantly, the letter continues:
4  "First, let me commend you for seeking information to determine the legal and contractual obligations
5  of the Union in this situation." Communications, such as this letter, which "reveal the motive of the
6  client in seeking representation, ... or the specific nature of the services provided ... fall within the
7  privilege." *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992). The letter
8  on its face explicitly states that it is in response to a request for legal guidance and is perforce
9  protected by the attorney-client privilege unless waived. ILWU does not know how Plaintiffs came
10 to possess the letter, but in any event, there is no showing of waiver by the joint holders of the
11 privilege – ILWU and Local 46. *See, e.g., In re Grand Jury Subpoenas*, 902 F.2d 244, 248-49 (4th
12 Cir. 1990)(recognizing that clients who share a common interest in a legal matter cannot waive the
13 attorney-client privilege for the other without their consent).

14        The ILWU also argues that the allegations create serious risks of unfair prejudice because the
15 allegations give rise to an inference that even the ILWU's own attorney agrees with the Plaintiffs.
16 ILWU argues that the allegations will undermine the effective assistance of counsel by turning its
17 Leonard Carder attorneys into witnesses at the start of the litigation, as the referenced "general
18 counsel" is likely an attorney from Leonard Carder and an attorney representing the ILWU in this
19 litigation.

20        Jurisprudence cited by ILWU reflects the general consensus that "The practice of forcing trial
21 counsel to testify as a witness ... has long been discouraged ... and recognized as disrupting the
22 adversarial nature of our judicial system." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th
23 Cir. 1986)(citing *Hickman v. Taylor*, 329 U.S. 495, 513 (1947). In this case, the Court agrees that
24 (1) Attorney Remar enjoys the presumption against compelled testimony because the information
25 sought is privileged (*Shelton, id.*); a subpoena compelling Attorney Remar's testimony would subject

26  ORDER - 5

1  Remar and the ILWU to harassment and undue burden, including possible recusal of counsel and the

2  need for ILWU to obtain substitute counsel; and (3) the danger of unfair prejudice substantially

3  outweighs any probative value of Remar's testimony.

4      For all the foregoing reasons, the ILWU's Motion to Strike and for related relief must be

5  granted.

6      NOW, THEREFORE, IT IS ORDERED:

7      **First:** ILWU's Motion to Strike pursuant to Fed. R. Civ. P. (12(f)(Dkt. # 13) is GRANTED

8  and the following allegations are STRICKEN from Plaintiff's Complaint:

9-11      "The International Union, through its general counsel, has issued instructions to one or more affiliated local unions that Class B mechanics must be registered as Class A mechanics on the basis of completion of a minimum period of employment and without imposition of other factors."

12  (Complaint ¶ 19, lines 14-17).

13      "... the order of the 'general counsel' of the International Union, ..."

14  (Complaint ¶ 23, line 15).

15-16      "In addition, the International Union through its 'general counsel' insists that mechanics in the position of the Plaintiffs and class members be registered as Class A mechanics without regard to individual circumstances other than continuous service."

17  (Complaint ¶ 37, lines 9-12).

18      **Second:** ILWU's Motion in Limine and for Protective Order is GRANTED. Plaintiffs are

19  barred from introducing or using any evidence of these protected attorney-client communications in

20  this matter.

21      **Third:** Plaintiffs and their attorneys are ORDERED to disgorge any and all documents,

22  notations, and materials (a copies thereof) of all forms (including paper and electronic) concerning

23  such protected attorney-client communications, and Plaintiffs and their attorneys are ordered to

24  transfer all such materials to the attorneys for Defendant ILWU.

25

26  ORDER - 6

1   DATED this 29th day of May, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7