UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARRY COUDRIET, WILLIAM HOOPER, JOHN LOGAN, and RICHARD NEWMAN, individually and as class representatives,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION LOCAL 23; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION; and PACIFIC MARITIME ASSOCIATION,<br><br>Defendants. | Case No. C08-5122FDB<br><br>ORDER GRANTING ILWU LOCAL 23's MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S LMRDA CLAIM |

**INTRODUCTION**

The undisputed facts are as follows: Plaintiffs are "B" registered mechanics working for employers at the Port of Tacoma. Plaintiffs bring a breach of contract claim asserting that certain contract provisions entitle them to "A" registration status by virtue of their time in service as "B" mechanics. Plaintiffs also claim that Local 23 has denied them membership rights to vote in union elections and to otherwise participate in the business of the Local Union. Local 23 does not considered Plaintiffs to be union members.

ORDER - 1

1   Local No. 23 of the International Longshore and Warehouse Union moves for partial
2   summary judgment dismissing Plaintiffs' Labor-Management Reporting and Disclosure Act claim in
3   its entirety (Third Claim), as Plaintiff as non-members have no rights under the LMRDA pursuant to
4   29 U.S.C. § 412, *et seq.*

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION AND CONCLUSION

Having considered the parties' arguments and authorities, the Court concludes that Local 23's motion for partial summary judgment on Plaintiffs' Labor-Management Reporting and Disclosure Act claim must be granted because Plaintiffs are not members of Local 23 and, therefore, have no rights under 29 U.S.C. § 412, *et seq.*

Local 23 sets out the relationships among the parties defendant in its memorandum. The International Union, Local 23, and PMA are parties to a series of collective bargaining agreements. (Complaint ¶ 6) Local 23 is a party to a master labor agreement with PMA known as the Pacific

ORDER - 2

Coast Longshore Contract Document.  (Complaint ¶ 8; Spell Decl. ¶ 2, Ex. A) This master labor agreement provides for a Joint Port Labor Relations Committee (JPLRC) in each port, including Tacoma, which is composed of three or more representatives for the Union and three or more PMA Employer representatives.  (Spell Decl. ¶ 2/ Ex. A, Section 17.11, p. 82) The Joint Port Labor Relations Committee (JPLRC) controls the registration lists in the port under which employees, including mechanics, are classified as either "casual," limited-registered "Class B" employees, or fully registered "Class A" employees. (Spell Decl. ¶ 2, Ex. A. §§ 8.3, p. 48; 17.12, p. 82) The JPLRC establishes the number of Class A and Class B registered longshoremen and clerks and casuals "required in each port to effectively cover the work available in each port."  (Spell Decl. ¶ 2, Ex. A, Supp. I-A, p. 197)

Local 23 sets out its requirements for membership, including Section 1, Article IX of its Bylaws, which provides that "Membership is open to all workers that are jointly registered with ILWU and the Pacific Maritime Association as Longshore, Clerks, and Maintenance and Repair, in the Port of Tacoma, Washington, and vicinity."  (Spell Decl., ¶ 5, Ex. C, p. 3)

Local 23 states that it "has consistently interpreted and applied the 'jointly registered' requirement in Section 1 to require that candidates for membership be fully registered Class A employees.  (Spell Decl. ¶ 5) Local 23 also points to the Union Security provision of the master labor agreement as providing that union membership is tied solely to "fully registered employees."  (Spell Decl. ¶ 2, Ex. A, Section 19, p. 100)   Also, at the first regularly scheduled meeting following the elevation of candidates to Class A status, they must take a pledge, which is a solemn ritual.  (Spell Decl. ¶ 6)

Against, this background, Local 23 argues that the LMRDA claim fails because Plaintiffs are not members of Local 23.  The LMRDA allows members of labor organizations to bring a cause of action for violation of the members' "bill of rights" set forth in 29 U.S.C. § 411.  In this case, Plaintiffs' contend that Local 23 does not permit Plaintiffs and the class members to nominate

ORDER - 3

candidates, vote in elections or referenda or other contract ratification ballots, among other things, on an equal basis with other members of Local 23. Local 23, however, argues that the Plaintiffs are not members of Local 23. The LMRDA definition of a labor organization member "includes any person who has fulfilled the requirements for membership in such organization." LMRDA "provides rights to those persons who have fulfilled the requirements of membership" *Brennan v. Local 357, Int'l Bhd. Of Teamsters*, 709 F.2d 611, 614 (9th Cir. 1983). "The legislative history of the LMRDA supports the proposition that [it] was not drafted with the intent to dictate the requirements established by a labor organization respecting membership." *Id.* Therefore, Local 23 argues that, since it is undisputed that Plaintiffs are Class B employees and that they are not Class A fully registered employees, they have not complied with the requirements for membership in Local 23. Because Plaintiffs are not members of Local 23, they are not entitled to relief under LMRDA, and the LMRDA claim must be dismissed with prejudice.

Plaintiffs respond that because discovery has not commenced, they cannot verify or rebut either that Local 23 has applied the "jointly registered" requirement to permit only "A" registered employees to become union members or that the membership process includes the taking of a pledge along with a handshake ritual. Plaintiffs argue that Local 23 is breaching their contract rights in not advancing them to "A" status and that this misconduct cannot justify refusal to grant Plaintiffs membership rights in Local 23. Plaintiffs argue that they could complete the formal rituals of membership if permitted to do so. Plaintiffs also argue that because Local 23's motion is limited to the LMRDA claim and does not address whether Plaintiffs are contractually entitled to "A" registration, Plaintiffs allegations at this stage of the proceedings should be assumed to be true. Finally, Plaintiffs argue that the pledge requirement is ministerial and that Plaintiffs would take the pledge if it were offered to them and that Plaintiffs are entitled to discovery as to whether the claim is uniformly required as a condition of membership.

Local 23 reiterates its contention that one of its requirements for membership is Class A

ORDER - 4

registration; Class A registration is maintained by the Joint Port Labor Relations Committee, which registers Class A longshoremen at its discretion "as may be necessary to meet the demands of the industry," as provided in the master labor agreement. Local 23 argues that its interpretation of its own constitution and bylaws must be given deference, and Local 23 requires that candidates for membership must be Class A fully registered employees. Local 23 reiterates its contention that the pledge is a substantive and not a ministerial requirement. Finally, Local 23 argues that Plaintiffs' contention that relief under the LMRDA may be granted in the future should they prevail on the breach of contract claim is specious, because there is no authority for the proposition that the LMRDA can be invoked retroactively or that the LMRDA is a remedial mechanism for claims under the Labor Management Relations Act.

As it is undisputed that Plaintiffs are class "B" mechanics and that they are not members of Local 23, it follows that Plaintiffs have no rights to bring a cause of action for violation of "members" "bill of rights" under the LMRDA 29 U.S.C. § 411. Plaintiffs have cited no authority for bringing an LMRDA claim retroactively or as a remedial mechanism for the two remaining claims in their Complaint. There being no genuine dispute of material fact, Local 23 is entitled to judgment as a matter of law on Plaintiffs' LMRDA claim.

NOW, THEREFORE, IT IS ORDERED: International Longshore and Warehouse Union Local 23's Motion for Partial Summary Judgment [Dkt. # 19] is GRANTED and Plaintiffs' claim pursuant to the Labor-Management Reporting and Disclosure Act (Complaint, Third Claim) are DISMISSED with prejudice.

DATED this 3rd day of June, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5