# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

HARRY COUDRIET, WILLIAM HOOPER, JOHN LOGAN, and RICHARD NEWMAN, individually and as class representatives,

Plaintiffs,

v.

INTERNATIONAL LONGSHORE AND WAREHOUSE UNION LOCAL 23; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION; and PACIFIC MARITIME ASSOCIATION,

Defendants.

No. C08-5122 FDB

**ORDER GRANTING DEFENDANT ILWU'S MOTION TO STAY JUDICIAL PROCEEDINGS**

Plaintiffs are "B" registered mechanics working for employers at the Port of Tacoma. Plaintiffs bring this breach of contract claim asserting that certain contract provisions entitle them to "A" registration status by virtue of their time in service as "B" mechanics, and also that they have been denied membership participation rights in Local 23. Local 23 does not consider Plaintiffs to be Union members.

Defendant ILWU, joined by ILWU Local 23, (hereafter ILWU) moves to stay these judicial proceedings until final resolution of the unfair labor practice complaint issued by the

NLRB, which resolution will determine the appropriate collective bargaining representative for plaintiffs and purported class members.

Issues falling within the NLRB's primary jurisdiction include "designation of an exclusive bargaining agent and identification of an appropriate collective bargaining unit under § 9 if the LMRA." *Pace v. Honolulu Disposal Service, Inc.*, 227 F.3d 1150, 1156 (9th Cir. 2000). To decide whether a case is within the NLRB's primary jurisdiction, theCourt must look to "whether the major issues to be decided … can be characterized as primarily representational or primarily contractual." U*nited Ass'n of Journeymen v. Valley Engineers*, 975 F.2d 611, 614 (9th Cir. 1992). Where the contractual issue "is closely related to an unfair labor practice charge … already presented to the NLRB … a stay often will be required." *Central Valley Typographical Union No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 747-48 (9th Cir. 1985). In determining whether a stay is appropriate, the Ninth Circuit has considered several factors including: 1) whether the contract interpretation issue is "inextricably bound up" with the representational issue, 2) whether the Board decision will be issue preclusive in the district court, and 30 whether the equities weigh in favor of a stay. *Id.* At 747-50.

The NLRB issued a complaint against two marine maintenance companies – Pacific Marine Maintenance Company (PMMC) and Pacific Crane Maintenance Company (PCMC) __ and ILWU. The complaint alleged that the maintenance companies and ILWU violated labor laws when PCMC recognized ILWU as the collective bargaining representative of its newly hired employees, who are former employees of PMMC and were represented by the International Association of Machinists and Aerospace Workers (IAM). The affected employees in the NLRB case include all four named Plaintiffs and the vast majority of putative class members in the case before this Court.

The NLRB argues that the PMMC employees remain a separate appropriate unit and could not have been lawfully merged into the broader ILWU-PMA unit. The PMMC, PCM and the ILWU argue that the ILWU is the mechanics' collective bargaining representative because when these employees were hired by PCMC, they were "accreted" into the ILWU

bargaining unit. "Accretion" is a federal labor law principle that means a group of employees have "so effectively merged into more comprehensive unit, or is so functionally integrated that it has lost its separate identify." *J&L Plate, Inc.*, 310 NLRB 429 (1993).

The NLRB and IAM seek the remedy of returning the mechanics to the same position that they held prior to being represented by the ILWU, including "recognition of and bargaining with the IAM as the collective bargaining representative of the PMMC bargaining unit employees, withdrawal of recognition from the ILWU, and application of surviving terms and conditions of employment of the expired 2005 IAM-PMMC contract. [Def. Mtn. p. 6]

Defendants in the case before this Court argue that the NLRB's and IAM's proposed remedies directly conflict with the relief sought in this proceeding because they are centered upon restoring the IAM as the mechanics' collective bargaining representative and removing any and all employment terms, such as class "B" and class"A" registration, which are necessarily creatures of ILWU representation and the ILWU's collective bargaining agreement.

Thus, Defendants here argue that a stay is appropriate, as the factors for consideration in determining the appropriateness of a stay are satisfied:

1. The NLRB's rulings will have preclusive effect "if it comports with due process and if the factual finding is necessary to its determination of the unfair labor practice issue." *McClatchy*, 762 F.2d at 748. The NLRB ALJ will identify the mechanics' lawful collective bargaining representative, which is a factual determination within the agency's primary jurisdiction, and as part of this determination, the NLRB ALJ will have to decide whether the mechanics were accreted into the ILWU's coast-wide bargaining unit.

2. A stay is appropriately issued where "[l]etting the suit go forward would … produce[] conflicting or redundant judgments, and a great deal of wasted effort and expense." *Valley Engineers*, 975 F.2d at 615. Defendant Unions here assert that in the NLRB case, the Plaintiffs testified in favor of the NLRB and IAM's legal position that the IAM, rather than ILWU, should be their collective bargaining representative. Also, Plaintiff Logan testified in

the NLRB case that elevation from Class "A" to Class "B" would take a year, according to what he was told, whereas in the case in this Court, Plaintiffs allege that Local 23 agents said that they would automatically receive Class A registration after serving 90 days as casual employees and a few months (less than one year) as Class B mechanics. (Complaint ¶ 21)

Plaintiffs Coudriet, *et al.*, argue that the case before this Court solely concerns contract rights, and the NLRB case does not relate to the issue of Class "A" registration. Plaintiffs argue that while in the future, the NLRB may rule that ILWU's representation is invalid, that does not derogate form the obligation of the ILWU, Local 23, and PMA to keep their contract promises to Plaintiffs a long as the ILWU-PMA contract remains in effect.

Plaintiffs' argument fails to convince the Court that this case should not be stayed, when it is yet to be determined that ILWU is the proper collective bargaining representative for the Plaintiffs. Plaintiffs' argument does, in fact, support a conclusion that the decision in the NLRB case will have preclusive effect. Otherwise, one must merely assume that the ILWU is the Plaintiffs' proper collective bargaining representative and that their claims are purely contractual. Moreover, Defendants point out that Plaintiffs can obtain remedies for harm caused by ILWU's "foisting" itself upon plaintiffs through the NLRB proceeding. If the NLRB and IAM prevail, the extensive remedies to make plaintiffs (and class members) whole would be addressed, including any abusive practices by ILWU. Even if ILWU prevails, Plaintiffs can then proceed with this lawsuit. If a stay is denied, and Plaintiffs would be seeking relief that, according to the NLRB and IAM, constitutes an unfair labor practice. Obviously, there is conflict between the action in this Court and in the NLRB proceeding.

Having considered all of the relevant factors, the Court finds that, on the balance, a stay of judicial proceedings is warranted. The representational issues pending in the NLRB proceeding are within the Board's primary jurisdiction, and plaintiffs' claims are "inextricably bound up" with the determination of this representational issue. Moreover, the NLRB's determination of the representational issue is entitled to preclusive effect, and the equities support imposing a stay. *Central Valley Typographical Union No. 46 v. McClatchy*

[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION TO STAY
[Case No. 08-5122 FDB]                4

*Newspapers*, 762 F.2d at 747-748 (9th Cir. 1985), abrogated on different grounds by 529 U.S. 193; *Sheet Metal Workers International Association, Local Union 66 v. Western Furnaces, Inc.*, 1993 WL 267430 (W.D. WA. 1993). For these reasons, the Court stays the instant judicial proceeding until final resolution of the unfair labor practice complaint issued by the National Labor Relations Board ("NLRB"), comprising NLRB Case Nos. 32-CA-21925, 32-CA-21974, 32-CA-21977, and 32-CB-5932.

Based upon the documents submitted and the parties' arguments, and good cause appearing, IT IS ORDERED:

1. Motion of Defendant ILWU [Dkt. # 42], Joined by Defendant ILWU Local 23 [Dkt. # 43], To Stay Judicial Proceedings is GRANTED;
2. The Court further orders that the parties must file a Joint Status Report within 30 days after the NLRB decides the representational issue or within one year after the date of this Order, whichever occurs first.

Dated this 22nd day of July 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

PRESENTED BY:
JENNIFER MARSTON, WSB No. 32123
E-Mail: jmarston@leonardcarder.com
LEONARD CARDER LLP
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CA 94109
Telephone: (415) 771-6400
Fax: (415) 771-7010
Attorneys for ILWU